Warren **FELTON**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Civ. A. No. 83–4263.

United States District Court, E.D. Pennsylvania.

Nov. 19, 1984.

Harold R. Berk, Philadelphia, Pa., for plaintiff.

James F. Kilcur, Philadelphia, Pa., for defendant.

## MEMORANDUM

O'NEILL, District Judge.

This is a Title VII case. Plaintiff, who is black, alleges that his discharge on March 18, 1983 was racially motivated. Trial was held without jury on November 1 and 2, 1984. This memorandum will serve as the Court's findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a).

■ In a "disparate treatment" case such as this one, the plaintiff must prove discriminatory *animus. Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). *Burdine* makes it clear that the plaintiff has the burden of making out a prima facie case of discrimination by a preponderance of the evidence. *Id.* at 253–54, 101 S.Ct. at 1093–94. A prima facie case establishes a mandatory, rebuttable presumption of discrimination. *Id.* at 254, n. 7, 101 S.Ct. at 1094, n. 7. The defendant may rebut the presumption by clearly setting forth a legitimate reason for plaintiff's discharge (a burden of production only). To prevail, plaintiff must then show by a preponderance of the evidence

that defendant's reason is pretextual. *Id.* at 255–256, 101 S.Ct. at 1094–1095; *Dillon v. Coles,* 746 F.2d 998 at 1003 (3d Cir.1984). The Supreme Court has explained that the burden of establishing a prima facie case of disparate treatment is not onerous. *Burdine, supra,* 450 U.S. at 253, 101 S.Ct. at 1093.

■ Plaintiff has established his qualifications for the position of electronics specialist with defendant. He was discharged despite his qualifications, and other qualified persons, not of his race, continued to work in that position. Thus, plaintiff has established his prima facie case. *See Massarsky v. General Motors Corp.,* 706 F.2d 111, 118 (3d Cir.1983); *cf. McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

Defendant's evidence establishes legitimate reasons for plaintiff's discharge. Defendant contends that on three separate occasions plaintiff violated disciplinary rules, the last occasion leading to his final discharge. On December 13, 1982, Niall Nestor, a supervisor, gave plaintiff an order to do treadle work. Six hours later plaintiff had not begun the work. Plaintiff testified that he never heard the order because he had a hearing problem in his right ear; however, both Niall Nestor and John Kane, another supervisor, testified that plaintiff verbally acknowledged the order when it was first given. Kane also testified that plaintiff, when questioned about the assignment six hours later, told him he did not do treadle work. Plaintiff began the treadle work when he was again given the order by Kane. The next day, Niall Nestor suspended plaintiff pending discharge for failure to follow his directive. At a first level grievance hearing, the discharge was rescinded and plaintiff was suspended for five days and given a final caution; the reason being that defendant had only recently finished training plaintiff and the hearing examiner felt a discharge would waste defendant's investment in that training. A final caution means that the employee can expect to be discharged for

any further violations of the rules of employment.

On January 5, 1983, plaintiff and another employee were given an order to do inspection work on trolley cars, work which supervisors testified should take three hours. Plaintiff did not return to his supervisors for another whole assignment after the inspections. Plaintiff apparently claimed the inspection work was more difficult than expected, as the cars being inspected were in poor condition. Plaintiff did not turn in any completed work orders for that shift. Although plaintiff was discharged for this apparent failure, the discharge was rescinded at the second level hearing because the charge made against plaintiff, failure to follow a directive, was technically incorrect.

Finally, on March 18, 1983, plaintiff was discharged for "conduct unbecoming a SEPTA employee." Plaintiff claims that, while he was speaking with another employee (Harry Miller) before his shift began, Niall Nestor ordered Miller away and threatened plaintiff with discharge. Nestor testified that he spoke to Miller to order him back to work. Plaintiff then began to shout at him and demanded a grievance form, followed him to the office, and stood in the office, still shouting, for five minutes after plaintiff's shift had begun. Nestor told plaintiff to get a grievance form from the union officer on the premises. This testimony was corroborated by Kane and by a clerical employee, Susan Sheridan Felix, who was in the office on that date. Nestor suspended plaintiff pending discharge because of his disruptive conduct. That discharge was upheld through three levels of hearing and arbitration.

Plaintiff testified on his own behalf; all other testimony in plaintiff's case was that of defendant's employees. Defendant called these same employees as well as others; in all, six SEPTA employees testified. The Court finds all six to be credible. Their testimony established that plaintiff's behavior on the date of discharge was disruptive and threatening, and that plaintiff had a poor disciplinary record in the months immediately preceding his discharge.

The Court concludes that plaintiff's discipline and discharge were not motivated by racial considerations. Defendant's supervisory employees behaved in good faith and each disciplinary step, including the final discharge, was a proper response to plaintiff's conduct while at work. Plaintiff has not persuaded the Court that defendant's legitimate explanation for the discharge is pretextual. Therefore, the Court will not grant the relief requested.

### ORDER

AND NOW, this 19th day of November, 1984, judgment is hereby ENTERED in favor of defendant and against plaintiff.